## FIRST DEPARTMENT, APRIL, 1923.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW IQUINTO, Alias FRANK ROSS, Appellant.

*Crimes — defendant convicted of grand larceny in first degree and burglary in third degree — evidence sufficient — corroboration of accomplices — remarks of court during trial and charge to jury not prejudicial — judgment of conviction affirmed.*

Appeal from a judgment of the Court of General Sessions of the Peace, county of New York, rendered July 23, 1920, convicting the defendant of the crime of grand larceny in the first degree and burglary in the third degree, and from the judgment rendered July 30, 1920, which sentenced him to imprisonment for the term of ten years on the conviction of grand larceny, and for the term of five years on the conviction for burglary in the third degree.

McAVOY, J.: The defendant was indicted for grand larceny in the first degree, and burglary in the third degree, and for receiving property, knowing the same to

have been stolen. The third count was withdrawn from the consideration of the jury, and defendant was convicted of grand larceny in the first degree and burglary in the third degree, and was sentenced for a term of years on both the grand larceny and burglary convictions. The crime which the indictment charged was the taking of 200 pieces of silk goods and two rolls of serge, valued at about $20,000, from the building at No. 44 Watt street, in the county of New York. The testimony of two accomplices, Anthony Episcopia and Louis Simone, fully makes out the crimes of burglary and larceny against defendant, and the sole questions are whether there is sufficient corroboration to establish the crimes, beside their evidence; that is, such other evidence as tends to connect the defendant with the commission of the crimes; and whether the remarks of the court during the trial, and the charge of the court to the jury, were sufficiently prejudicial to warrant the assignment of error that there was unfairness to defendant in the conduct of his trial. The comment of the trial judge upon the evidence and the status of the accomplices who had pleaded guilty did not invade the province of the jury to determine the weight and probative force of their testimony nor withdraw from the jurors the consideration of any question of fact or of credibility of these witnesses of which it was their right to dispose, nor can it be asserted that illustrations in the learned judge's charge were prejudicial to the right consideration by the jury of the facts to be determined. Examining its entire context and effect, the charge does not infringe any rights of the defendant. There was sufficient corroboration of the testimony of Simone and Episcopia in the testimony of Episcopia's wife, who cannot be held to be an accomplice, and of his mother-in-law, who was also unconnected with the crime, both of whom heard conversations with the defendant after the burglary, in which he admitted being concerned in the taking of the " stuff " and its disposal, and in which he promised to sell the " stuff " and pay for the defense of anybody who was arrested in connection with the crime. The crime of breaking and entering the building, and that of taking and carrying away personal property of the value of over $20,000 was fully proven by the testimony of Maxwell Berk, the owner of the goods, and we think his identification of the goods found in Episcopia's cellar, by the markings on the paper wrappers, added to the corroboratory feature necessary to the proof of the case. Whatever errors there were in the conduct of the trial are overcome by the conclusive proof of guilt here, and the judgment should be affirmed. Dowling, Smith, Merrell and Finch, JJ., concur. Judgment affirmed.